FILED



**NOT FOR PUBLICATION**

JUL 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEE GORDON LAMB,<br><br>                     Plaintiff-Appellant,<br><br>v.<br><br>JERI TAYLOR; et al.,<br><br>                     Defendants-Appellees. | No.   16-35847<br><br>D.C. No. 2:14-cv-00909-MC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted June 12, 2018[**]

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges

     Lee Gordon Lamb, an Oregon state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging Eighth

Amendment and state law claims.  We have jurisdiction under 28 U.S.C. § 1291.

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo, *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013), and we affirm.

The district court properly granted summary judgment on Lamb's Eighth Amendment failure-to-protect claim because Lamb failed to raise a genuine dispute of material fact as to whether allowing supervised interaction with Lamb's assailant posed an objectively substantial risk of harm or whether defendants knew of and disregarded that risk. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for [failing to protect an inmate] unless the official knows of and disregards an excessive risk to inmate health or safety.").

The district court properly dismissed Lamb's state law claims against defendants in their official capacities because these claims for damages are barred by Eleventh Amendment immunity. *See Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017) (standard of review); *Brown v. Or. Dep't of Corr.*, 751 F.3d 983, 989 (9th Cir. 2014). To the extent that Lamb seeks injunctive relief for these state law claims, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over them. *See Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will

point toward declining to exercise jurisdiction over the state-law claims."); *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1187 (9th Cir. 2001) (standard of review).

**AFFIRMED.**

16-35847